```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -  x
                                      :
UNITED STATES OF AMERICA              :
                                      :     SUPERSEDING INFORMATION
          - v. -                      :
                                      :     S1 21 Cr. 317 (DLC)
ELLIOT SMERLING,                      :
                                      :
               Defendant.             :
                                      :
- - - - - - - - - - - - - - - - - -  x
```

## COUNT ONE
(Bank Fraud)

The United States Attorney charges:

1.  From at least January 2019, up to and including at least March 2021, in the Southern District and elsewhere, ELLIOT SMERLING, the defendant, and others known and unknown, willfully and knowingly, executed a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities and other property owned by, and under the custody and control of, such financial institution, by means of false and fraudulent pretenses, representations and promises, to wit, SMERLING caused, and attempted to cause, the issuance of an approximately $140,000,000 in collateralized loans for his private equity firm on the basis of forged subscription agreements from limited partners, forged audit letters attesting to his private equity firm's finances, and falsified bank account

statements.

(Title 18, United States Code, Section 1344 and 2.)

## COUNT TWO
(Securities Fraud)

The United States Attorney further charges:

2.   From at least in or about January 2013 through at least in or about March 2021, in the Southern District of New York and elsewhere, ELLIOT SMERLING, the defendant, willfully and knowingly, directly and indirectly, by the use of the means and instrumentalities of interstate commerce, and of the mails, and of facilities of national securities exchanges, in connection with the purchase and sale of securities, used and employed manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices and courses of business which operated and would operate as a fraud and deceit upon persons, to wit, SMERLING solicited investments in his private equity funds through materially false and misleading statements concerning the funds' audited financial statements, limited partners, capital

commitments, and holdings.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATIONS

3.   As a result of committing the offense alleged in Count One of this Information, ELLIOT SMERLING, the defendant, shall forfeit to the United States, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

4.   As a result of committing the offense alleged in Count Two of this Information, ELLIOT SMERLING, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

<u>Substitute Asset Provision</u>

5. If any of the above described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981, 982;
Title 21, United States Code, Section 853(p); and
Title 28, United States Code, Section 2461(c).)

_____    _____
FOREPERSON                             DAMIAN WILLIAMS
                                       United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ELLIOT SMERLING,

Defendant.

SUPERSEDING INFORMATION

S1 21 Cr. 317(DLC)

(18 U.S.C. § 1344; Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5.)

DAMIAN WILLIAMS
United States Attorney.

**A TRUE BILL**

Foreperson.

2/8/2022 Waiver of Indictment Filed
    (jwh)      Cote, U.S.D.J.