UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case no. 21 CR 317 DLC |
| | : | **DEFENDANT ELLIOT** |
| v. | | **SMERLING'S BRIEF AS TO** |
| | : | **AWARD OF INTEREST AS** |
| ELLIOT SMERLING, | | **PART OF RESTITUTION** |
| Defendant. | : | |

------------------------------------------------------- x

THE DEFENDANT, Elliot Smerling, respectfully submits this brief in response to the Court's inquiry as to whether the law allows interest to be included as part of restitution payable to Silicon Valley Bank ("SVB").


### RELEVANT FACTS/BACKGROUND

1. Pursuant to the plea agreement executed by the Government and Mr. Smerling, Mr. Smerling agreed to repay a mutually-agreed sum of $133,957,323.65 as restitution to SVB and Citizens Bank ("Citizens").

2. On May 12, 2022, SVB submitted a letter asking this Court to award it the following sums as restitution: [D.E. 46].

   a. $79,957,322.65 – outstanding principal loan balance;
   b. $197,168.42 – pre-default interest;
   c. $1,259,327.52 – post-default interest; and
   d. $3,713,808.44 – post-judgment interest.

3. To defense counsel's knowledge, Citizens did not submit any correspondence or request for additional restitution to this Court.[1]

---

[1] Should Citizens submit a future request for pre-default, post-default, post-judgment interest within the legal timeframe, the defense adopts the same arguments and position set forth here.

4. On May 13, 2022, the Court sentenced Mr. Smerling to 97 months of imprisonment followed by three years of supervised release. The Court asked the parties to submit briefs regarding what the law allows as to including interest as part of restitution.

## LEGAL ANALYSIS

### I. _The Court may award pre-judgment interest as part of restitution._

Several circuit courts, including the Second Circuit, generally agree that prejudgment interest may be included in restitution orders pursuant to the Mandatory Restitution to Victims of Certain Crimes Act ("MVRA"), 18 U.S.C. § 3664(f)(1)(A). _See, e.g., United States v. Qurashi_, 634 F.3d 699 (2d Cir. 2011) (affirming district court's award of prejudgment interest in a restitution order where defendant committed insurance fraud); _United States v. Gordon_, 393 F.3d 1044 (9th Cir. 2004) (upholding award of prejudgment interest for embezzled cash and liquidated stock shares); _United States v. Corey,_ 77 Fed. Appx. 7 (1st Cir. 2003) (affirming district court's award of restitution, which included prejudgment interest, for a defendant convicted of bank fraud); _United States v. Shepard_, 269 F.3d 884 (7th Cir. 2001) (reasoning that since victim's money came from an interest-bearing account, the return of the same number of dollars would be inadequate and restitution should include interest to make up for the loss of the funds' capacity to grow).

As such, Mr. Smerling agrees that the law allows the Court to award pre-judgment interest to SVB as part of restitution.

### II. _The Court should not include additional "pre-default", "post-default" or "post-judgment" interest in restitution because it exceeds SVB's actual loss and awards more recovery than SVB is due._

The purpose of restitution is to restore a victim to the position he occupied before sustaining the loss. _See Qurashi_, 634 F.3d at 703. Indeed, the primary and overarching goal of the MVRA is

to make victims whole, fully compensate victims for their losses, and to restore the victims to their original state of well-being. *Id.* (internal citations and quotations omitted). However, a restitution award cannot provide a victim more recovery than he is due. *Id.*

While the undersigned did not find precedential Second Circuit cases that specifically address an award of post-judgment interest in circumstances like Mr. Smerling's, cases in this circuit that discuss awards of pre-judgment interest are instructive.

In *United States v. Qurashi*, the Second Circuit reasoned that the MVRA's purpose is advanced by allowing victims to recover pre-judgment interest; however, the Court noted a distinction between pre-judgment interest and "expectation damages." *Qurashi*, 634 F.3d at 704. The Court stated that expectation damages strive to place an aggrieved party in the same economic position it would have occupied had both parties fully performed their contractual obligations. *Id.* (internal citations and quotations omitted). Criminal restitution, however, "is not concerned with a victim's disappointed expectations but only with his actual loss." *Id.* In awarding the victim in *Qurashi* pre-judgment interest as part of restitution, the Court specified that the prejudgment interest was not meant to guarantee the benefit of any bargain, but to ensure that the victim was fully compensated for its actual loss. *Id.*

Post-*Qurashi,* in *United States v. Brown*, the District Court for the Eastern District of New York discussed the propriety of pre-judgment interest and the goals of the MVRA in calculating restitution. *See* 2016 WL 11263165 (E.D.N.Y. Dec. 2, 2016). The Court acknowledged that the MVRA must be based only on the actual loss caused by the scheme; a restitution order must be tied to the victim's actual, provable loss; and restitution in excess of that amount constitutes an "impermissible punitive award." *Id.* at *7 (internal citations omitted). Further, the Court reiterated

that "[r]estitution is intended to place victims in the position they would have occupied had they not entered the fraudulent transaction." *Id.* at *8.

Here, SVB extended Mr. Smerling a line of credit for $150 million. Mr. Smerling misappropriated $95 million of that amount but returned $15 million to SVB prior to indictment. As such, SVB's principal loss is $79,957,322.65. [D.E. 46]. Awarding SVB its lost principal would place SVB in the same position it would have occupied had it not transacted with Mr. Smerling.

Also, under a line of credit interest accumulates solely on the amount of funds borrowed at the time the funds are disbursed to the borrower. Consequently, interest started to accumulate on the date that Mr. Smerling withdrew the funds. Following the reasoning in *Qurashi* and *Brown*, the law allows the Court to include pre-judgment interest on the outstanding principal ($79,957,322.65) as part of SVB's restitution.

However, SVB's demand for "pre-default," "post-default" and "post-judgment" interest is akin to the expectation damages discussed in *Qurashi* and are properly excluded from restitution because they exceed SVB's actual loss. This demand contravenes the MVRA's directive and constitutes an "impermissible punitive award" beyond the parameters of criminal restitution. *See Qurashi*, 634 F.3d at 704. Accordingly, Mr. Smerling respectfully urges this Court to find that the law does not allow SVB to receive this additional interest as part of restitution under the MVRA.

## CONCLUSION

Pursuant to the Second Circuit's decision in *Qurashi*, the law allows the Court to award SVB pre-judgment interest on the principal amount of $79,957,322.65 as part of restitution. This would place SVB in the same position it occupied prior to the transaction with Mr. Smerling and fairly compensates SVB for the interest it would have gained on that principal.

SVB's demand for "pre-default interest," "post-default interest," and "post-judgment interest" exceeds its actual loss and awards SVB more recovery than it is due under the MVRA. Thus, the Court should decline to impose this additional interest as part of restitution.

Respectfully submitted,

/s/ Adriana Collado-Hudak
Greenspoon Marder LLP
1144 15th Street
Suite 2700
Denver, CO 80202
720-702-0913
adriana.ch@gmlaw.com
*Counsel for Defendant Elliot Smerling*

## CERTIFICATE OF SERVICE

I certify that on MAY 20, 2022, a true and correct copy of this document was filed via CM/ECF and thereby served on all counsel and parties of record.

Respectfully submitted,

/s/ Adriana Collado-Hudak
Greenspoon Marder LLP