

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 25, 2022

The Honorable Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *United States v. Elliot Smerling*, S1 21 Cr. 317 (DLC)

Dear Judge Cote:

      The Government respectfully submits this letter in response to the Court's oral order of May 13, 2022, directing the parties to address the Court's discretion to order the amounts set forth in the Victim Impact Statement of Silicon Valley Bank ("SVB") as recoverable in restitution. *See* ECF No. 46. SVB seeks to recover: (1) the outstanding loan principal of $79,957,322.65; (2) pre-default interest pursuant to the terms of the loan agreement ("Loan Agreement") between the parties of $197,168.42; (3) default interest pursuant to the Loan Agreement of $1,259,327.52; (4) $3,713,808.44 in post-judgment interest on the civil judgment (the "Civil Judgment") SVB obtained against the defendant;[1] (5) $2,165,564.56 in attorney's fees incurred in connection with reporting the defendant's fraud to the Government, pursuing civil litigation against the defendant, and coordinating with the receiver appointed in the civil matter. As set forth below, the law requires the Court to order in restitution the outstanding principal owed on the loan and authorizes the Court to impose pre-judgment interest. The law does not, however, permit the Court to include the requested attorneys' fees (unless revised), or post-judgment interest on the Civil Judgment.

      **I.**    **Applicable Law**

      The Mandatory Victims Restoration Act (MVRA) applies to certain offenses, including the bank fraud at issue here, "in which an identifiable victor . . has suffered physical injury or pecuniary loss." 18 U.S.C. § 3663A(b)(1). Under the MVRA, the restitution order "shall require" that the defendant "return of the property taken or its value," as well as reimburse the victim for any "expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. §§ 3663A(b)(1), (b)(4), (c)(1)(A). Accordingly, restitution has two components: first, a calculation of the loss caused by the defendant and, second, the identification and calculation of any qualifying expenses a victim incurred. "The primary and overarching goal of the MVRA is to make victims of crime whole, to

---

[1] *See generally*, *In re Smerling Litigation*, 21 Civ. 2552 (JPC).

fully compensate these victims for their losses and to restore these victims to their original state of well-being." *United States v. Maynard*, 734 F.3d 374, 377-78 (2d Cir. 2014) (citations omitted); *United States v. Boccagna*, 450 F.3d 107, 115 (2d Cir. 2006) (citations omitted) (the purpose of the MRA is "is essentially compensatory: to restore a victim, to the extent money can do so, to the position [the victim] occupied before sustaining injury.").

With respect to loss calculation, "only a victim's 'actual loss' is compensable, not losses that are hypothetical or speculative." *Id.* at 378 (citations omitted). The MVRA requires sentencing courts to order restitution of the lost property's value "on the date of sentencing" if that figure is greater than the property's value on the date of loss. 18 U.S.C. § 3663A(b)(1)(B). The Second Circuit has held that, even where "the property lost is cash . . there is no reason to exclude losses that result from the deprivation of the victim's ability to put its money to productive use." *United States v. Qurashi*, 634 F.3d 699, 703 (2d Cir. 2011); *accord United States v. Alexander*, 679 F.3d 721, 731 (8th Cir. 2012) ("we have previously affirmed a district court's restitution amount that included interest"); *United States v. Corey*, 77 Fed. Appx. 7, 12 (1st Cir. 2003) (awarding prejudgment interest in restitution for defendant convicted of bank fraud). In *United States v. Qurashi*, which concerned fraudulently obtained insurance proceeds, the Second Circuit reasoned that "prejudgment interest stands in to provide a rough but fair approximation" of "the time-value of money," and thereby serves the MVRA's purpose of fully compensating victims for their losses. 634 F.3d 699, 703 (2d Cir. 2011). The Second Circuit cautioned, however, that "the prejudgment interest award is not meant to guarantee the benefit of any bargain, but is designed to ensure that the […] victims are fully compensated for their actual loss, which includes the loss of the ability to put their money to productive use" and rejected any suggestion that pre-judgment interest should amount to "expectation damages," which exceed the scope of the MVRA. *Id.* at 705.

With respect to restitution for "expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense," the Supreme Court has held that Section 3663A(b)(4) does *not* extend to attorneys' fees arising from civil proceedings or private investigations initiated in response to the criminal offense. *See generally*, *United States v. Lagos*, 138 S.Ct 1688 (2018). Specifically, the Supreme Court held that "the kinds of expenses a victim would often incur when private investigations, or, say, bankruptcy proceedings are at issue, namely, the costs of hiring private investigators, attorneys, or accountants" are not eligible for restitution. *Id.* at 1688. Thereafter, in *United States v. Afriyie*, 27 F.4th 161 (2d Cir. 2022), the Second Circuit further clarified that attorneys' fees were recoverable under Section 3663A(b)(4) "only for expenses associated with criminal matters. Civil matters— including SEC investigations, even if closely related to a criminal case—do not qualify." *Id.* at 163. Accordingly, in *Afriyie* the Second Circuit permitted recovery for attorneys' fees incurred by the victim to respond to the Government's subpoena requests and to prepare and represent a witness in connection with the Government's prosecution, but nothing more. *Id.* 162-63.

## II.     Discussion

Neither party contests that the outstanding loan principal owed to SVB, $79,957,322.65, is recoverable as restitution and must be ordered.

As set forth above, however, *Afriyie* and *Lagos* bar the Court from including in the restitution order the full $2,165,564.56 that SVB seeks in attorney's fees. This figure includes attorneys' fees that SVB incurred pursuing an internal investigation, civil litigation, and civil recovery against the defendant. If SVB were to furnish the Court with a calculation of the amount in fees incurred by SVB's response to the Government's requests for documents and interviews with SVB employees, that sum *would* be recoverable. *Id.*; *accord, United States v. Cuti*, No. 16-3159, 2017 WL 4176218 (2d Cir. Sept. 21, 2017)("*Cuti II*") (holding that only "actions deemed truly necessary" to a criminal prosecution may be reimbursed as restitution).

With respect to SVB's requests for "pre-default interest" ($197,168.42) and "post-default interest" ($1,259,327.52), *Qurashi* authorizes the Court to order pre-judgment interest to account for the "time-value" of the loan principal that SVB lost to the defendant. *Qurashi*, 634 F.3d at 703. Here, the pre- and post-default amounts sought appear to be contractual interest on claims for fraud and breach of contract awarded to SVB in the Civil Judgment. (*See* Exhibit 1, 21 Civ. 2553 (JPC), ECF No. 150, Default Judgment). Prejudgment interest, however, is not meant "to place an aggrieved party in the same economic position it would have been in had both parties fully performed their contractual obligations," but rather to redress the victim's "actual loss." *Id.* To award SVB pre-default and post-default interest at the rates set forth in the Loan Agreement would arguably be tantamount to awarding SVB expectations damages since these rates are the amounts that SVB would have expected had the defendant performed under Loan Agreement.[2]

To be sure, the case law in this district does not reveal any consensus regarding the appropriate rate of pre-judgment interest to assess when, as here, the victim effectively loses cash. In *Qurashi*, the Second Circuit noted without discussion that the restitution order imposed by the district court charged pre-judgment interest at a rate of 4%. *See, e.g.*, *Qurashi,* 634 F.3d at 701. By contrast, pursuant to 28 U.S.C. § 1961, the post-judgment interest rate on a civil, federal court judgment is the weekly average one-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System each Monday for the preceding week. As of May 23, 2022, the latter rate was 2.09%.[3] Both pre-judgment and post-judgment interest are meant to serve the same purpose, namely, to compensate a party for the time-value of the money of which they were

---

[2] The precise pre-default and post-default interest rates used to calculate the sums sought here are not clear on the existing record. The pre-default interest rate set forth in the Loan Agreement, the "Applicable Rate" of interest on amounts drawn on the loan absent default, is "the greater of (i) the Prime Rate minus seventy-five basis points (0.75%), and (ii) three hundred twenty-five basis points (3.25%)." (*See* Exhibit 2, Loan Agreement, at 35). The "Default Rate" provides that "overdue and unpaid amounts under the Loan Documents shall bear interest at a rate per annum equal to two percent (2.0%) *above* the rate that is otherwise applicable." (*Id.* at 4. (emphasis added)). Accordingly, the Applicable Rate is floating and the Default Rate is pegged to the Applicable Rate.

[3] *See*, Board of Governors of the Federal Reserve System, Selected Interest Rates, Treasury constant maturities, 1-year, dated May 23, 2022, *available at* https://www.federalreserve.gov/releases/h15/ (last visited May 24, 2022).

Honorable Denise L. Cote
May 25, 2022
Page 4 of 4

deprived. Accordingly, it appears that the appropriate rate of prejudgment interest to assess is committed to the discretion of this Court.

With respect to SVB's request for $3,713,808.44 in post-judgment interest on the Civil Judgment, the principles set forth in *Qurashi* bar SVB's recovery for this sum in criminal restitution. This sum does not represent the "actual loss" caused by the defendant's theft of the loan proceeds, but rather interest on the civil judgment, which arguably includes expectation damages not recoverable in criminal restitution.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:    _____/s/_____
Jilan J. Kamal/Timothy Capozzi
Assistant United States Attorneys
(212) 637-2192/2404

cc: Counsel of Record (by ECF)