```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
UNITED STATES OF AMERICA               :
                                       :        21cr317 (DLC)
            -v-                        :
                                       :        MEMORANDUM
ELLIOT SMERLING,                       :        OPINION AND ORDER
                                       :
                         Defendant.    :
                                       :
-------------------------------------- X
```

<u>APPEARANCES:</u>

For the United States of America:
Jilan Janet Kamal
Timothy Vincent Capozzi
U.S. Attorney's Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007

For the defendant:
Adriana Collado-Hudak
1144 15th St.
Suite 2700
Denver, CO 80202

David Michael Kubiliun
Greenspoon Marder
600 Brickell Avenue
36th Floor
Miami, FL 33131

Guy Lewis
Law Offices of Guy A. Lewis, PLLC
12575 S.W. 67th Avenue
Pincrest, FL 33156

DENISE COTE, District Judge:

On May 13, 2022, Elliot Smerling was sentenced principally

to 97 months' imprisonment pursuant to his convictions on one

count of bank fraud and one count of securities fraud.  At sentencing, the determination of restitution was deferred.  For the following reasons, Smerling is ordered to pay restitution equal to the outstanding principal of the loans he fraudulently obtained, plus prejudgment interest on the loan from Silicon Valley Bank ("SVB").

## Background

From 2013 to 2021, Smerling fraudulently obtained approximately $140 million in loans from SVB and Citizen Bank on behalf of his private equity funds.  To obtain the loans, Smerling falsely represented that he had obtained funding commitments from partners, and provided falsified documents purportedly recording audits of or transfers to his funds.

On February 8, 2022, Smerling pleaded guilty to one count of bank fraud and one count of securities fraud.  On May 8, the Government requested that Smerling be ordered to pay $133,957,323.65 in restitution, representing the sum of the $79,957,322.65 unpaid principal balance on the loan from SVB, and $54 million in outstanding principal owed to Citizens Bank.

On May 12, the Government submitted a request from the receiver for SVB, seeking an additional $7,335,868.94 in restitution.  This additional amount includes $2,165,564.56 in attorney's fees spent investigating Smerling's fraud, pursuing civil proceedings against Smerling, and attempting to locate

Smerling's assets.  It also includes $5,170,304.38 in interest, consisting of interest accrued before Smerling defaulted on the loan, interest accrued after default, and post-judgment interest on a civil judgment enforcing the loan against Smerling.

On May 13, this Court sentenced Smerling principally to a 97-month term of imprisonment, but deferred determination of the amount of restitution due.  See 18 U.S.C. § 3664(d)(5). Smerling opposed SVB's request on May 20.  The Government submitted a letter on May 25 supporting an award of prejudgment interest to SVB, but opposing its request for attorneys' fees.

## Discussion

The Mandatory Victims Restoration Act ("MVRA") requires a defendant to pay restitution when convicted of "an offense against property . . . including any offense committed by fraud or deceit" that "result[s] in damage to or loss or destruction of property."  18 U.S.C. §§ 3663A(b)(1), 3663A(c)(1)(A)(ii). Offenses covered by the MVRA may include convictions for securities fraud and bank fraud.  See, e.g., United States v. Jaffe, 417 F.3d 259, 261 (2d Cir. 2005); United States v. Paul, 634 F.3d 668, 676–78 (2d Cir. 2011).  The MVRA requires the defendant to "return the property taken . . . or its value" and "reimburse the victim for . . . other expenses incurred during participation in the investigation or prosecution of the offense

or attendance at proceedings related to the offense."  18 U.S.C.
§ 3663A(b)(1)-(4).

     A.   Attorneys' Fees

     The Supreme Court has construed the MVRA's "other expenses"
provision narrowly, holding that it does not permit recovery of
attorneys' fees unless those fees were incurred during
participation in "government investigations and criminal
proceedings."  Lagos v. United States, 138 S. Ct. 1684, 1687
(2018).  Additionally, attorneys' fees are not recoverable when
incurred in connection with a governmental civil enforcement
action.  United States v. Afriyie, 27 F.4th 161, 163 (2d Cir.
2022).  A restitution order may compensate a victim for
attorneys' fees, however, when those fees were incurred in "the
criminal investigation, the preparation of trial witnesses, and
the restitution proceedings."  Id. at 164.

     SVB requests restitution for $2,165,564.56 in attorneys'
fees and costs.  SVB does not specify, however, what fees if any
were incurred by participating in the Government's criminal
investigation of Smerling.  Instead, SVB states that it incurred
attorneys' fees conducting a private investigation of Smerling,
pursuing civil proceedings against Smerling, attempting to
locate Smerling's assets, and coordinating with the receiver
appointed in their civil action against Smerling.  Because none
of these fees were incurred as part of a criminal investigation

or proceeding, SVB's request to add these fees to Smerling's restitution judgment is denied.

B.    Interest

"[T]he MVRA allows a sentencing court to award prejudgment interest in a criminal restitution order to ensure compensation 'in the full amount of each victim's losses.'" <u>United States v. Qurashi</u>, 634 F.3d 699, 704 (2d Cir. 2011) (quoting 18 U.S.C. § 3664(f)(1)(A)). A restitution order must not award expectation damages, however, because the purpose of restitution is to compensate a victim for "his actual loss", and not to "guarantee the benefit of any bargain." <u>Id.</u> at 704-05.

Smerling objects to the addition of any interest to the restitution order, arguing that this would amount to expectation damages. The Government supports the award of prejudgment interest in the restitution order, but objects to the inclusion of interest at the loan agreement's post-default rate, and inclusion of post-judgment interest on SVB's civil judgment against Smerling. The Government argues that including such interest in the restitution order would inappropriately award SVB its expectation under the loan agreement, not merely compensate it for its loss.

Prejudgment interest is properly included in the restitution order here. SVB may be compensated not only for the

principal amount lent, but also for "the deprivation of the
victim's ability to put its money to good use."  Id. at 703.

The Second Circuit has not provided guidance regarding the
interest rate at which prejudgment interest should be awarded.
Federal law provides for post-judgment interest on a restitution
award, however, at a rate "equal to the weekly average 1-year
constant maturity treasury yield . . . for the calendar week
preceding the first day on which the defendant is liable."  18
U.S.C. § 3612(f)(2)(B); see also 18 U.S.C. § 1961(a)
(prescribing the same rate for pre-judgment interest on civil
judgments).  That rate is currently 2.036%.  See Selected
Interest Rates (Daily), Board of Governors of the Federal
Reserve System, https://www.federalreserve.gov/releases/h15/
(last visited May 31, 2022).  The Court adopts this rate as well
as the rate at which prejudgment interest will be calculated.

The existence of a civil award does not affect the rate of
interest applicable to the restitution order.  The inclusion of
prejudgment interest in a restitution order is derived not from
SVB's civil damages, but from the MVRA's requirement that
defendants compensate victims for "the full amount of [their]
losses."  Qurashi, 634 F.3d at 703 (quoting 18 U.S.C. §
3664(f)(1)(A)).  SVB's civil award and the restitution order are
related only to the extent that payments made toward the civil

award reduce the amount owed on restitution.   18 U.S.C. §
3664(j)(2)(A).

## Conclusion

Smerling is ordered to pay restitution in the amount of the
principal owed on his loans, plus prejudgment interest on the
loan at the rate of to 2.036% SVB.   An amended judgment shall
accompany this Opinion.


Dated:     New York, New York
           June 1, 2022

                                _____
                                     DENISE COTE
                           United States District Judge