Page 2

RECEIVED
SDNY PRO SE
2023 MAY 12  PM 3:04

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District S.D. of New York | |
|---|---|---|
| Name (under which you were convicted): Elliot Smerling | | Docket or Case No.: |
| Place of Confinement: Federal Prison Camp – Miami | | Prisoner No.: 31881-509 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v. | Elliot Smerling | |

## MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
United States District Court
Southern District of New York
500 Pearl Street
New York New York 10007

(b) Criminal docket or case number (if you know):  1:21-CR-00317-DLC

2.  (a) Date of the judgment of conviction (if you know):  May 13, 2022

(b) Date of sentencing:  May 13, 2022

3.  Length of sentence:  97 Months

4.  Nature of crime (all counts):

**Count 1:** Bank Fraud. 18 U.S.C. §1344.
**Count 2:** Securities Fraud. 15 U.S.C. §78j(b) & §78ff; 17 CFR §240.10b-5; and 18 U.S.C. §2.

5.  (a) What was your plea? (Check one)

(1)  Not guilty ☐          (2)  Guilty ☒          (3)  Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

N/A

6.  If you went to trial, what kind of trial did you have? (Check one)          Jury ☐          Judge only ☐
N/A

Page 3

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒

8.  Did you appeal from the judgment of conviction?    Yes ☒    No ☐

9.  If you did appeal, answer the following:

(a) Name of court:  United States Court of Appeals for the Second Circuit

(b) Docket or case number (if you know):

(c) Result:  Movan withdrew the appeal under counsel's advice.

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐    No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:       Yes ❑   No ❑

(2) Second petition:    Yes ❑   No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

See Continuation Sheet attached as Page 5(a).

(b) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏   No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏  No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

## CONTINUATION SHEET

**Ground One:**

Movant's attorneys rendered ineffective assistance in their failure to understand securities laws, they lacked preparation, failed to investigate, and cumulatively resulted in failing to object -- under Fed. Crim. R.32 -- to information which caused a prejudicial effect to Movant.

Movant has original information relating to several financial institution's violations of securities laws; notably, Silicon Valley Bank and Citizens Bank N.A. are among those banks violating securities laws. Armed with that information, Movant instructed his attorneys to file a whistleblower action against banks with the Securities Exchange Commission on his behalf pursuant to 17 CFR Sec. §240.21 Fl-18.

Movant's attorneys' failed to follow Movant's request with which Movant could have secured whistleblower status, avoid prosecution, defer prosecution, secure a better plea deal, or achieve a lower sentence. Instead, counsels' inactions permitted Silicon Valley Bank and Citizens Bank N.A. to play the role of the victim when both banks had unclean hands.

Counsels' ineffective assistance is evident in their failure to object to Silicon Valley Bank's damming letter, [DE 46], with which a longer-than-necessary sentence was bolstered for Movant when that very letter evidences Silicon Valley Bank's unclean hands of violating the Investment Company Act of 1940 and Section 203(1) of the Advisers Act, as amended by the Dodd-Frank Act. Counsels' failure to object to that letter resulted in false or incomplete information to the U.S. Probation and the Court. That failure to object demonstrates counsels' lack of knowledge in securities laws, lack of preparation, and failure to investigate -- find -- facts with which Movant's was exposed to a longer-than-necessary sentence.

Counsel's inactions --- ineffective assistance --- delivered the prejudicial effect in denying Movant the benefits and protections of a whistleblower, avoid prosecution, defer prosecution, a better plea deal, or a lower sentence.

But for counsel's ineffective assistance Movant would otherwise not be serving a longer-than-necessary sentence; notably, U.S. probation recommended a sentence of 72 months incarceration and 24 months probation. Instead, Movant was sentenced to 97 months and three years probation. But for Counsels' failure in filing that whistleblower action as directed by Movant, Silicon Valley Bank's collapse could have been mitigated and, by extension, harm to investors reduced.

Attached Exhibit A, United States Securities and Exchange Commission FORM TCR complaint.

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

  See Continuation Sheet attached as Page 6(a).

## CONTINUATION SHEET

**Ground Two:**

Movant's attorneys rendered ineffective assistance in failing to object to a 2 level gross receipts enhancement as overlapping and, thus, their inaction resulted in a longer-than-necessary sentence to Movant but, also, caused an estoppel effect in denying Movant an opportunity to appeal that enhancement.

Movant's sentencing scheme placed him at a total offense level of 30 -- a guidelines sentencing range of 97-121 months of incarceration. The United States Probation Officer calculated the Offense Level by adding a Base Offense Level of 7, adding 24 levels for the amount of the loss, adding 2 levels for gross receipts greater than $1,000,000, and subtracting 3 levels for acceptance of responsibility, [See PSR at P.9-10]. At sentencing, the Probation Officer recommended 72 months of incarceration with 24 months probation, however, the Court ordered Movant to serve 97 months of incarceration and three years probation.

Movant's attorneys could and should have objected -- under Fed.R.Crim. 32 -- to that 2 level gross receipts enhancement -- U.S.S.G. §2B1.1(b)(17)(A) -- but failed to do so. The enhancement substantially overlapped with the 24 level "Specific Offense Characteristics" enhancement applied under U.S.S.G. §2B1.1(b)(1)(M) which was applied because of the amount of the loss attributed to Movant.

The cumulation of such overlapping enhancements, when imposed on a defendant whose adjusted offense level translates to a high sentence range, presents a circumstance that is present to a degree not adequately considered by the United States Sentencing Commission as described in 18 U.S.C. §3553(b)(1)) and, thus, an objection should have been lodged. Movant's attorneys should have known this, however, their silence on the record demonstrates their lack of preparation or knowledge -- ineffective assistance.

But for Movant's attorneys' ineffective assistance in failing to object to that 2 level gross receipts enhancement, Movant's sentencing Judge did not consider removing that enhancement or accept the Probation Officer's below the guidelines sentence recommendation of 72 months and 24 months probation. Movant's attorney's inactions further caused the prejudicial effect in that their failure to object to that gross receipts enhancement estopped Movant from appealing that enhancement had the objection been lodged but overruled.

**(b) Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

**(c) Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

See Continuation Sheet attached as 8(a).

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑    No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑    No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

### CONTINUATION SHEET

**Ground Three:**

Movant's attorneys rendered ineffective assistance of counsel during Movant's plea negotiations by permitting him to proffer information without the protections of Fed. R. Evid. 410 and, then, caused him to unknowingly and unwillingly execute an indictment by information from proffered information which should have been protected.

During plea negotiations but, under mis-advise from counsel, Movant proffered information to the Government. Ordinarily, statements made by a defendant during plea negotiations, including proffer sessions, are inadmissible at trial. Moreover, any reasonable attorney -- who secured a "queens letter for the day" to protect a client from statements made during proffer sessions --- would have objected to inclusion of proffered material to the record.

In Movant's case-in-chief, his plea negotiations fueled the Government to supersede Movant with more charges, [DE 37]. Then Movant's attorneys caused him to execute an indictment-by-information, [DE 38].

Movant's attorneys failed to protect him during the plea negotiations. Instead, allowing him to proffer information and, then, failing to enforce the protection of the proffer agreement, evidences ineffective assistance of counsel; simply put, Movant's counsel failed their duty to protect Movant from further charges, however, they also failed to inform Movant the pros and cons of proffering information.

Instead, that ineffective assistance resulted in Movant executing an indictment by information unknowingly and unwillingly. That indictment by information is duplicitious to the Grand Jury Indictment, [DE 7], but delivered a prejudicial effect of expanding the scope of Movant's criminal conduct from 2019 to 2013. That superseding indictment permitted the United States Probation Officer to state that "[Movant] voluntarily engaged in fraud over an eight-year period and caused a substantial amount of loss", [PSR at P.22]; notably, Movant's attorneys failed to object to that statement.

Silicon Valley Bank and Citizens Bank N.A. sustained losses, however, there are no losses to any other investors outside of these two financial institutions to which this Court awarded restitution.

Expanding the scope of Movant's criminal conduct permitted the Government to infer that Movant had been causing losses to multiple victims for almost a decade. But for Movant's attorneys' ineffective assistance, Movant would not have been presented to the Court as someone who had not caused losses for almost a decade. But for Movant's attorney's ineffective assistance, Movant could have avoided the superseding indictment by information. Movant's attorney's ineffective assistance caused an estoppel effect in appealing objections to proffered information that was protected under Fed. Crim. Evid. 410.

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

See Continuation Sheet attached as Page 9(a)

## CONTINUATION SHEET

**Ground Four:**

Movant's attorneys failed to investigate funds disbursed by JES Global Capital to cover 5 years' of payrolls and loan interest expense. In the alternative, the attorneys failed to hire an independent CPA to perform an audit on behalf of Movant to rebut the Receiver's accounting.

This took place even though Movant had proffered information in regards to the whereabouts of funds alleged to be missing. That failure to investigate permitted both the Receiver and then the United States Probation Officer to make on-the-record allegations of a $25-$30 million in missing funds. That failure to investigate or hire a CPA to perform an audit on behalf of the defense, allowed the Government to paint Movant as "not credible", [See PSR at P.22; See also DE 45 & 46].

Notably, Movant's attorneys' ineffective assitance in failing to investigate foreclosed Movant's right to object to being categorized as "not credible" but, also, being categorized as "not credible" provided substangive value for this court to order Movant to deny United State's Probation's below guidelines 72 month sentencing recommendation and sentence Movant to a longer-than-necessary 97 month sentence.

(b) **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    See attached continuation sheets pages 12(a), 12(b), and 12(c).

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ☐   No ☒
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:      See Continuation Sheet
    (a) At preliminary hearing:

    (b) At arraignment and plea:

    (c) At trial:

    (d) At sentencing:

## CONTINUATION SHEET

**Attorneys:**

**(a) Preliminary Hearing:**

David Michael Kubiliun
Greenspoon Marder
600 Brickell Avenue, 36th Floor
Miami FL 33131
(t): 305.778.3163
(e): david.kubiliun@gmlaw.com

**(b) At arraignment and plea:**

Guy Lewis
Law Offices of Guy Lewis, PLLC
12575 SW 67th Avenue
Pinecrest FL 33156
(t): 305.775.7880
(e): lewis@lewistein.com

David Michael Kubiliun
same contact info as above

Adriana Collado-Hudak
Adriana Collado-Hudak
1144 15th Street, Suite 2700
Denver CO 80202
(t): 305.905.3736
(e): adriana.collado-hudak@gmlaw.com

Phillip L. Reizenstein
Woodward & Reizenstein
2828 Coral Way, Suite 540
Miami FL 33145
(t): 305.444.0755
(e): philreizenstein@protonmail.com

**(c) At Trial:**  Not Applicable

**(d) At Sentencing:**

All of the attorneys listed in section (b) herein.

Page 12

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?        Yes☒ No ❑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ❑ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ❑    No ❑

## CONTINUATION SHEET

**Ground Five:**

Movant's attorneys' failed to move the Southern District of New York District Court for a bond-hearing. Instead, that failure gave the Government a tactical advantage in that Movant was left to the demise of the ineffective assistance of these attorneys. More egregious, however, is that the failure to seek bail resulted in Movant contracting COVID-19 while incarcerated when these attorney's knew that the Bureau of Prisons was not equipped to handle that unprecedented worldwide catastrophe. In essence, Movant's attorneys failure exposed Movant to contracting COVID-19, left him in a higher-than-necessary custody detention center for over 15 months, denied him access to the law library due from the Bureau of Prison's COVID-19 materially altered operations, and also restricted Movant from efficient communication with his attorneys.

All of this took place duing critical stages of this case but while Movant's attorneys ignored Movant's request to move for a bond hearing and seek bail. No reasonable attorney would have ignored that request. Moreover, no reasonable attorney would have left their client in a higher-than-necessary custody detention center, longer-than-necessary for 15 months, while an unprecedented worldwide catastrophe was taking place.

But for Movant's attorney's failure to seek bail, Movant would otherwise have had the opportunity to protect himself from contracting COVID-19, Movant would have been able to manage this case under better conditions with access to documents, or at least he could have been able to manage his legal team more efficiently.

## CONTINUATION SHEET

**Ground Six:**

Movant spent 15 months in pre-trial detention under higher-than-necessary custody detention center but under Bureau of Prison's COVID-19 materially altered operations. That equates to a harsher-than-necessary sentence.

During those 15 months Movant participated in programming and productive activities in an effort towards rehabilitation. Movant requested from his attorneys to have the Court consider pre-trial detention rehabilitative efforts as a means for a downward departure.

More specific, Movant requested his attorneys to present argument for a downward departure of at-least 6 months due being held 15 months in pre-trial detention without the benefits of earning First Step Act credits. Movant's attorneys ignored that request.

## CONTINUATION SHEET

**Ground Seven:**

Movant's attorneys never delivered a physical copy of Movant's Presentencing Report ("PSR"). That failure resulted in an estoppel effect effectively denying Movant the opportunity to lodge objections to the content in that PSR.

It further denied Movant the opportunity to seek counsel file formal objections to substantive content under Fed. R. Cim. P. 32 and a pre-sentencing memorandum.

No reasonable attorney would have denied a copy of the PSR for their client to review.

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you

must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not

bar your motion.*

Movant is filing this motion on May 5, 2023 in accord with the prison mailbox rule found at **Houston v. Lack**, 487 U.S. 266 (1988) which is less than the one year limitation period.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:

    Correct Movant's sentence by 38 months to resentence Movant to 59 months
    and correct probation from 3 years to 2 years.

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on
                (month, date, year).

Executed (signed) on _May 5th, 2023_ (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion.

EXHIBIT A

| OMB APPROVAL | |
| --- | --- |
| OMB Number: | 3235 0686 |
| Expires: | April 30, 2025 |
| Estimated average burden hours per response:1.5 | |

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**Washington, DC 20549**

**FORM TCR**
**TIP, COMPLAINT OR REFERRAL**

## A.  INFORMATION ABOUT YOU

**COMPLAINANT 1:**

1. Last Name  Smerling        First  Elliot        M.I.

2. Street Address  Federal Prison Camp - Miami      Apartment/Unit #
PO Box 779800

City  Miami    State/Province  FL    ZIP/Postal Code  33177    Country  USA

3. Telephone  N/A    Alt. Phone  N/A    E-mail Address  N/A

4. Occupation  unemployed    Preferred method of communication  Regular Mail

**COMPLAINANT 2:**

1. Last Name  N/A        First        M.I.

2. Street Address        Apartment/Unit #

City    State/Province    ZIP/Postal Code    Country

3. Telephone    Alt. Phone    E-mail Address

4. Occupation    Preferred method of communication

## B.  ATTORNEY'S INFORMATION (If Applicable - See Instructions)

1. Attorney's Name

2. Firm Name

3. Street Address

City    State/Province    ZIP/Postal Code    Country

4. Telephone    Fax    E-mail Address

SEC 2850 (8/11)

Exhibit A-1

## C.   TELL US ABOUT THE INDIVIDUAL OR ENTITY YOU HAVE A COMPLAINT AGAINST

**INDIVIDUAL/ENTITY 1:**

If an individual, specify profession:

1. Type: ☐ Individual ☒ Entity

If an entity, specify type:   Financial Institutions

2. Name         See Attached Continuation Sheet stamped C1

3. Street Address                                                                                  Apartment/ Unit #

City                                  State/ Province                     ZIP/ Postal Code             Country

4. Phone                               E-mail Address                              Internet Address

**INDIVIDUAL/ENTITY 2:**

If an individual, specify profession:

1. Type: ☐ Individual ☐ Entity

If an entity, specify type:

2. Name                                                                                            Apartment/ Unit #

3. Street Address

City                                  State/ Province                     ZIP/ Postal Code             Country

4. Phone                               E-mail Address                              Internet Address

## D.   TELL US ABOUT YOUR COMPLAINT

1. Occurrence Date (mm/dd/yyyy):   10/ XX / 2020         2. Nature of complaint: Securities & Banking Law Violations

3a. Has the complainant or counsel had any prior communication(s) with the SEC concerning this matter?         YES ☒     NO ☐

   Do not recall the name of the SEC staff member who spoke me.

3b. If the answer to 3a is "Yes," name of SEC staff member with whom the complainant or counsel communicated

4a. Has the complainant or counsel provided the information to any other agency or organization, or has any other agency or organization requested the information or related information from you?         YES ☒     NO ☐

4b. If the answer to 4a is "Yes," please provide details.  Use additional sheets if necessary.

   During proffers with the Department of Justice
   and an SEC staff member who participated telephonically.

4c. Name and contact information for point of contact at agency or organization, if known

   Jilan Janet Kamal, AUSA, S.D.N.Y., (212) 637-2527

Exhibit A-2

C1

## CONTINUATION SHEET

1). Silicon Valley Bank
3003 Tasman Drive
Santa Clara CA 95054

2). Citizens Bank NA
One Citizens Plaza
Providence RI 02903

3). PacWest Bancorp
9701 Wilshire Blvd., Suite 700
Beverly Hills CA 90212

4). Western Alliance Bank
1 East Washington Street
Phoenix AZ 85004

5). Signature Bank
565 5th Avenue
NY NY 10017

6). Square One Bank
406 Blackwell Street, Suite 240
Durham NC 27701

7). East-West Bank
135 N. Los Robles Avenue, 7th Floor
Pasadena CA 91101

8). Sumitomo Mitsui Bank
277 Park Avenue
NY NY 10172

9). UBS
1285 Avenue of the Americas
NY NY 10019

10). First Republic Bank
101 Pine Street
San Francisco CA 94111

Exhibit A-3

5a. Does this complaint relate to an entity of which the complainant is or was an officer, director, counsel, employee, consultant or contractor?
YES ☐   NO ☒

5b. If the answer to question 5a is "Yes," has the complainant reported this violation to his or her supervisor, compliance office, whistleblower hotline, ombudsman, or any other available mechanism at the entity for reporting violations?   YES ☐   NO ☐

5c. If the answer to question 5b is "Yes," please provide details.  Use additional sheets if necessary.

5d. Date on which the complainant took the action(s) described in question 5b (mm/dd/yyyy):   /   /

6a. Has the complainant taken any other action regarding your complaint?   YES ☐   NO ☐

6b. If the answer to question 6a is "Yes," please provide details.  Use additional sheets if necessary.

7a. Does your complaint relate to a residential mortgage-backed security?   YES ☐   NO ☒

7b. Type of security or investment, if relevant
   Capital Call Lines of Credit

7c. Name of issuer or security, if relevant
   Relevant Banks listed in Page C1

7d. Security/Ticker Symbol or CUSIP no.

8. State in detail all facts pertinent to the alleged violation.  Explain why the complainant believes the acts described constitute a violation of the federal securities laws.  Use additional sheets if necessary.
   See Attached Continuation Sheet stamped 8(a)

9. Describe all supporting materials in the complainant's possession and the availability and location of any additional supporting materials not in complainant's possession.  Use additional sheets, if necessary.

   See attached Continuation Sheet stamped 9(a)

Exhibit A-4

## CONTINUATION SHEET

The financial institutions listed in attached continuation sheet stamped "C1" have engaged in Securities and Banking law violations which exposes harm to investors. The conduct of these financial institutions jeopardize the integrity of the capital markets. Specifically, the financial institutions have -- over a period of many years -- violated the Investment Company Act of 1940, the Securities Act of 1933, and the Securities Exchange Act of 1934.

The Financial Institutions listed have marketed and provided capital call lines of credit ("CCL") to whomever they are soliciting the CCLs to, are breaking the law by issuing CCL loans in excess of the limited 15% of the private fund's aggregate capital contributions and uncalled committed capital. Furthermore, the listed Financial Institutions have and continue to permit such borrowing, indebtedness, guarantee or leverage, in excess of the allowable 120 day limit. [See 15 USC §80a-6; but see **United States v. Smerling**, 1:21-CR-00317-DLC at Docket Entry No. 46 (S.D.N.Y. 2021)(where Silicon Valley Bank admits extending a capital call line of credit up to $150 million secured by $500 million in capital commitments and, thus, breaking the 15% limitation; Silicon Valley Bank provided this loan for 364 days which also exceeds the 120 day limitation).

Leverage in excess of 15% and alloting capital for a term exceeding 120 days violates numerous SEC regulations, however, that conduct affects the integrity of the capital markets while exposing investors to harm. This is an industry-wide problem which requires immediate intervention from the SEC.

Exhibit A-5

## CONTINUATION SHEET

* Emails
* Proposed Binding Letters of Intent
* Closed Loans
* Outside law firms' due diligence

The material is in the possession of the Southern District of New York's Department of Justice as well as with numerous law firms who represented the banks on loan originations.

10. Describe how and from whom the complainant obtained the information that supports this claim. If any information was obtained from an attorney or in a communication where an attorney was present, identify such information with as much particularity as possible. In addition, if any information was obtained from a public source, identify the source with as much particularity as necessary. Attach additional sheets if necessary.

I, as complainant, have original information of these claims from applying for loans with the financial institutions, and law firms which represented the financial institutions in the course of loan originations.

11. Identify with particularity any documents or other information in your submission that you believe could reasonably be expected to reveal your identity and explain the basis for your belief that your identity would be revealed if the documents were disclosed to a third party.

See Continuation Sheet stamped Page 9(a)

Exhibit A-7

12. Provide any additional information you think may be relevant.

## E. ELIGIBILITY REQUIREMENTS AND OTHER INFORMATION

1. Are you, or were you at the time you acquired the original information you are submitting to us, a member, officer or employee of the Department of Justice, the Securities and Exchange Commission, the Comptroller of the Currency, the Board of Governors of the Federal Reserve System, the Federal Deposit Insurance Corporation, the Office of Thrift Supervision; the Public Company Accounting Oversight Board; any law enforcement organization; or any national securities exchange, registered securities association, registered clearing agency, or the Municipal Securities Rulemaking Board?

        YES ☐    NO ☒

2. Are you, or were you at the time you acquired the original information you are submitting to us, a member, officer or employee of a foreign government, any political subdivision, department, agency, or instrumentality of a foreign government, or any other foreign financial regulatory authority as that term is defined in Section 3(a)(52) of the Securities Exchange Act of 1934 (15 U.S.C. §78c(a)(52))?

        YES ☐    NO ☒

3. Did you acquire the information being provided to us through the performance of an engagement required under the federal securities laws by an independent public accountant?

        YES ☐    NO ☒

4. Are you providing this information pursuant to a cooperation agreement with the SEC or another agency or organization?

        YES ☐    NO ☒

5. Are you a spouse, parent, child, or sibling of a member or employee of the SEC, or do you reside in the same household as a member or employee of the SEC?

        YES ☐    NO ☒

6. Did you acquire the information being provided to us from any person described in questions 1 through 5?

        YES ☐    NO ☒

7. Have you or anyone representing you received any request, inquiry or demand that relates to the subject matter of your submission (i) from the SEC, (ii) in connection with an investigation, inspection or examination by the Public Company Accounting Oversight Board, or any self-regulatory organization; or (iii) in connection with an investigation by the Congress, any other authority of the federal government, or a state Attorney General or securities regulatory authority?

        YES ☒    NO ☐

8. Are you currently a subject or target of a criminal investigation, or have you been convicted of a criminal violation, in connection with the information you are submitting to the SEC?

        YES ☒    NO ☐

9. If you answered "yes" to any of the questions 1 through 8, use this space to provide additional details relating to your responses. Use additional sheets if necessary.

    See **United States v. Smerling**, case no. 1:21.CR-00317-DLC (S.D.N.Y. 2021)

Exhibit A-8

## F. WHISTLEBLOWER'S DECLARATION

I declare under penalty of perjury under the laws of the United States that the information contained herein is true, correct and complete to the best of my knowledge, information and belief. I fully understand that I may be subject to prosecution and ineligible for a whistleblower award if, in my submission of information, my other dealings with the SEC, or my dealings with another authority in connection with a related action, I knowingly and willfully make any false, fictitious, or fraudulent statements or representations, or use any false writing or document knowing that the writing or document contains any false, fictitious, or fraudulent statement or entry.

Print name   Elliot Smerling

Signature   _[signature]_                                                  Date   5/5/2023

## G. COUNSEL CERTIFICATION (If Applicable—See Instructions)

I certify that I have reviewed this form for completeness and accuracy and that the information contained herein is true, correct and complete to the best of my knowledge, information and belief. I further certify that I have verified the identity of the whistleblower on whose behalf this form is being submitted by viewing the whistleblower's valid, unexpired government issued identification (e.g., driver's license, passport) and will retain an original, signed copy of this form, with Section F signed by the whistleblower, in my records.  I further certify that I have obtained the whistleblower's non-waiveable consent to provide the Commission with his or her original signed Form TCR upon request in the event that the Commission requests it due to concerns that the whistleblower may have knowingly and willfully made false, fictitious, or fraudulent statements or representations, or used any false writing or document knowing that the writing or document contains any false fictitious or fraudulent statement or entry; and that I consent to be legally obligated to do so within 7 calendar days of receiving such a request from the Commission.

Signature                                                                   Date

Exhibit A-9



**PRESS FIRMLY TO SEAL**

PRIORITY MAIL
RATE ENVELOPE
TAGE REQUIRED



# PRIORITY® MAIL

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).*
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

**FROM:**

Elliot Smerling   31881-509
Federal Prison Camp - Miami
PO Box 779800
Miami FL 33177

**TO:**

United States District Court
Southern District of New York
att: Clerk of Courts
Daniel Patrick Moynihan Courthouse
500 Pearl Street ,
New York, New York 10007

Pro Se Office Room 230



USMP3 SDNY

USPS TRACKING #

9114 9014 9645 0058 2187 24

PS00001000014

EP14F May 2020
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.