

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 14, 2023

**BY ECF**

The Honorable Denise L. Cote
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Elliot Smerling*, 21 Cr. 317 (DLC)
              *Elliot Smerling v. United States*, 23 Cv. 3988 (DLC)

Dear Judge Cote:

      Petitioner-Defendant has filed a motion pursuant to Title 28, United States Code, Section 2255 to correct, vacate, and/or set aside his sentence based entirely on allegations of ineffective assistance by his attorneys, David M. Kubiliun, Esq., Guy A. Lewis, Esq., Adriana Collado-Hudak, Esq., and Philip L. Reizenstein, Esq., in connection with multiple aspects of their representation, including their purported disregard of his requests for certain actions and their purported failure to give adequate legal advice.  (*See* ECF No. 60).[1]  The Government respectfully submits that, to adequately respond to the petition, it is necessary to obtain one or more statements from Petitioner-Defendant's attorneys responding to the allegations of ineffective assistance, including, but not limited to, the Petitioner-Defendant's claims that counsel: (1) "failed to follow" his request that his attorneys file a whistleblower action (*id.* at 5); (2) "failed to inform" him of the trade-offs of proffering information to the Government (*id.* at 10); (3) "failed to investigate funds disbursed by JES Global Capital" and "failed to hire an independent CPA to perform an audit" on his behalf (*id.* at 12); (4) "ignored" his request to move for a bond hearing and seek bail (*id.* at 17); (5) "ignored" his request to argue for a downward departure in his sentence in consideration of his pre-trial detention (*id.* at 18); and (6) "never delivered a physical copy" of the presentence investigation report to him (*id.* at 19).  A statement from prior counsel is necessary because the Petitioner-Defendant's motion is premised in part upon specific factual allegations regarding privileged discussions between the Petitioner-Defendant and his attorneys.  *See* Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  The Government accordingly requests that the Court enter the attached Order to effectuate this expansion of the record.

---

[1] References are to the criminal docket, 21 Cr. 317 (DLC).  The Petitioner-Defendant's motion papers consist of a total of 32 pages.  The page numbers referenced herein refer to the page numbers appearing in blue type in the header of the document available at ECF No. 60.

Hon. Denise L. Cote, U.S.D.J.
June 14, 2023
Page 2

By way of background, [i]t is well settled . . . that the assertion of a claim of ineffective assistance of counsel in a habeas petition constitutes a waiver of the attorney-client privilege." *E.g., Rudaj* v. *United States*, 2011 WL 2610544 (S.D.N.Y.), citing *United States* v. *Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (implicit waiver), and *United States* v. *Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (waiver when defendant asserts a claim that in fairness requires examination of protected communications). In light of the foregoing, prior to 2010, it was common practice for defense counsel whose assistance was alleged to be ineffective in a Section 2255 petition to submit, usually at the request of the Government, an affidavit or statement responding to the allegations. In 2010, however, the ABA Standing Committee on Ethics and Professional Responsibility issued Formal Opinion 10-456 (July 14, 2010), Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim. In that opinion, the ABA committee opined that even if the evidence sought from the former lawyer is relevant and not privileged, the former lawyer should still not voluntarily disclose the information to the prosecution. Instead, the former lawyer should only disclose such information upon ruling of the court or informed consent from the client. While that ABA opinion has no binding effect, it has nonetheless inhibited defense lawyers from voluntarily providing affidavits in Section 2255 ineffective assistance litigation.

The first judge of this court to deal with the aftereffects of the ABA opinion was Judge McMahon in *Douglas* v. *United States*, 2011 WL 335861 (S.D.N.Y. Jan 28, 2011). Judge McMahon summarized the state of practice as follows:

> As is well settled, where a habeas petitioner raises a claim of ineffective assistance of counsel, the petitioner waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer. *Frias* v. *United States,* No. 09 Civ. 2537, 2009 WL 1437797 at *1 (S.D.N.Y. May 20, 2009) (quoting *In re Lott,* 424 F.3d 446, 457-58 (6th Cir. 2005) (quoting *Bittaker* v. *Woodford,* 331 F.3d 715, 720 (9th Cir. 2003) (en banc); *Tasby* v. *United States,* 504 F.2d 332, 336 (8th Cir. 1974). Where the defendant's allegations of fact, if credited, would support a finding of ineffective assistance, the court is required to obtain testimony from the attorney, either to support the former client's claim or to undermine it, and (if there is a conflict in the testimony of the movant and his former attorney) to make any needed credibility findings. The attorney's testimony is mandatory; in nearly every case, it is the only way to test the credibility of the defendant's assertion of ineffective assistance (an assertion that is, in this court's experience, often false). The relevance of such testimony is obvious and cannot be overstated; without it, any convict who chose to claim that his lawyer was ineffective, and who made a preliminary showing of same, would automatically win reversal of his conviction.
>
> Because the need for the attorney's testimony was patent and the waiver of privilege plain, it has become the practice for attorneys to supply the required testimony (in the form of an affidavit or declaration, which qualifies as testimony and so perfectly acceptable) without obtaining express written consent from the former client. Formal consent was deemed unnecessary because the client had waived the privilege simply by making the motion. Additionally, some attorneys

Hon. Denise L. Cote, U.S.D.J.
June 14, 2023
Page 3

>have given their testimony without being formally ordered to do so by a court, knowing that the waiver would be given effect and that a court order was guaranteed to issue. In most instances, the testimony was solicited by and given to the prosecutor's office that originally indicted and prosecuted the defendant, since it is the prosecutor that assembles the record in opposition to the § 2255 motion.

*Id* at 1. In view of the ABA opinion and the Government's request for guidance, Judge McMahon issued the following guidelines:

>1. When the court receives a § 2255 motion alleging ineffective assistance of counsel, it will review the motion and transmit it to the Government. If the Government believes that the motion on its face does not contain sufficient allegations of fact to support the claim of ineffective assistance, it shall so advise the court in a preliminary opposition to the motion. If the motion can be disposed of on the basis of the Government's preliminary opposition, the court will decide the motion on that basis.
>
>2. If, however, the Government believes that attorney testimony is needed for it to respond fully to the motion, the Government shall so notify the court. The court will then issue an order [directing counsel to file an affidavit and the defendant to execute an Informed Consent].

The Government believes that Judge McMahon's guidelines and form order provide a useful framework in motions of this nature and comport with the law of the Second Circuit. *See, e.g., Bloomer v. United States*, 162 F.3d 187, 194 (2d Cir. 1998) (reaffirming that "except in highly unusual circumstances, the assertedly ineffective counsel should be afforded an opportunity to present evidence, in the form of live testimony, affidavits, or briefs.") (internal citations omitted). The proposed Order and Informed Consent submitted by the Government herein, *see* Exhibit A, largely follow Judge McMahon's framework, except they have been modified to remove the suggestion that the ABA opinion has binding authority, or that client consent is needed in the presence of a court order, and to rephrase the explanations and nature of testimony required in the Informed Consent.

If the Court is inclined to grant the Government's application, it respectfully requests an additional 45 days from the receipt of the executed attorney-client privilege waiver within which to obtain sworn testimony from prior counsel in the form of an affidavit or affidavits and file its opposition papers and any other supporting documents.

Hon. Denise L. Cote, U.S.D.J.
June 14, 2023
Page 4

## Conclusion

      For the reasons set forth above, the Government respectfully requests that the Court enter the proposed Order submitted herewith.  No prior request for the relief set forth herein has been made except as may be set forth above.

                                 Respectfully submitted,

                                 DAMIAN WILLIAMS
                               United States Attorney

               by: _____
                        Jilan J. Kamal / Timothy V. Capozzi
                        Assistant United States Attorneys
                        (212) 637-2192 / 2404

cc:  David M. Kubiliun, Esq. (via e-mail)
     Guy A. Lewis, Esq. (via e-mail)
     Adriana Collado-Hudak, Esq. (via e-mail)
     Philip L. Reizenstein, Esq. (via e-mail)