UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Elliot Smerling,
                              Defendant.

**21 Cr. 317 (DLC)**

Elliot Smerling,
                              Petitioner

v.

United States of America,
                              Respondent.

**23 Civ. 3988 (DLC)**

## Order re: Attorney-Client Privilege Waiver (Informed Consent)

WHEREAS Petitioner-Defendant Elliot Smerling has moved for relief from his conviction pursuant to Title 28, United States Code, Section 2255 on the ground of ineffective assistance of counsel; and

WHEREAS the Government, after reviewing the motion papers, has concluded that the testimony of Petitioner's former counsel, David M. Kubiliun, Esq., Guy A. Lewis, Esq., Adriana Collado-Hudak, Esq., and Philip L. Reizenstein, Esq. ("Counsel"), will be needed in order to allow the Government to respond to certain aspects of the motion; and

WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony of Counsel is needed in order to allow the Government to respond to the motion; and

WHEREAS by making the motion, the movant has waived the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client

even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*;

IT IS HEREBY ORDERED that Counsel shall give sworn testimony, in the form of an affidavit or affirmation, addressing the allegations of ineffective assistance of counsel made by movant; and it is further

ORDERED that Petitioner-Defendant Elliot Smerling execute and return to this Court within 45 days from today's date the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. If the document is not received by the Court within 45 days from today's date, the Court will deny the Section 2255 motion, on the ground that the movant failed to authorize the disclosure of information needed to permit the Government to respond to the motion; and it is further

ORDERED that the Government shall be permitted an additional 45 days from the receipt of said executed "Attorney-Client Privilege Waiver (Informed Consent)" form to obtain sworn

2

testimony from Counsel and file its opposition and any additional supporting papers with this

Court.

Dated: New York, New York
       June 14, 2023


_____
HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Elliot Smerling,<br>               Defendant. | **21 Cr. 317 (DLC)** |
| Elliot Smerling,<br>               Petitioner<br><br>v.<br><br>United States of America,<br>               Respondent. | **23 Civ. 3988 (DLC)** |

**Attorney-Client Privilege Waiver (Informed Consent)**

To: Petitioner-Defendant Elliot Smerling

You have made a motion under Title 28, United States Code, Section 2255 to have your conviction set aside on the ground that you received ineffective assistance from your former lawyers, David M. Kubiliun, Esq., Guy A. Lewis, Esq., Adriana Collado-Hudak, Esq., and Philip L. Reizenstein, Esq. (referred to in this form as "your former attorneys"). The Court has reviewed your papers and determined that it needs to have sworn testimonial statements from your former attorneys in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former attorneys to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former attorneys a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an Order (copy attached) ordering your former attorneys to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion to set aside your conviction on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court in the attached envelope (keeping a copy for your records). The form constitutes your authorization to your former attorneys to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former attorneys will contradict your statements about their representation of you. However, you should also know that the Court will deny your motion if you do not authorize your former attorneys to give affidavits in response to the Court's attached Order.

You must return this form, signed by you and notarized, within forty-five (45) days from the date of the Court's Order directing your former lawyers to give testimony. If the Court does not receive this form, signed by you and notarized, within that time, the Court will automatically deny your motion.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated _____ and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorneys, David M. Kubiliun, Esq., Guy A. Lewis, Esq., Adriana Collado-Hudak, Esq., and Philip L. Reizenstein, Esq., to comply with the Court's Order by giving testimony, in the form ordered by the Court, relating to my motion to set aside my conviction on the ground of ineffective assistance of counsel. This authorization allows my former attorneys to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

Dated: _____

   _____

Sworn to before me this _____ day of _____, 20____

_____
Notary Public

2
**Attorney-Client Privilege Waiver (Informed Consent)**