UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
Plaintiff,

v.                                          Case no.: 21 CR 317 (DLC)

ELLIOT SMERLING,
Defendant;
_____

ELLIOT SMERLING,
Movant,

v.                                          Case no.: 21 CIV 3988 (DLC)

UNITED STATES OF AMERICA,
Respondent.
_____/

## MOTION FOR SUMMARY JUDGMENT

Pro se Movant, Elliot Smerling, moves this Honorable Court for a Summary Judgment on his Motion under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence, [DE 1]. Movant, specifically, seeks this Court resentence his incarceration from 97 months to 59 months and probation from 36 months to 24 months. The following supports relief sought;

### BACKGROUND OF THE CASE

1). Movant was charged by grand jury and superseding information indictments for violating 18 U.S.C. §1344, 15 U.S.C. §78(b) & §78ff, 17 CFR §240.10b-5, and 18 U.S.C. §2, [see **United States v. Smerling**, case no. 1:21-mj-02223-UA at DE 1 and DE 37 (S.D.N.Y. 2021).

2). Movant plead guilty to the charges, [see **Id.** at DE 38].

3). This Court sentenced Movant to 97 months incarceration and 36 months probation, [see **Id.** at DE 48].

4). Movant moved this Court with a Motion Under 28 U.S.C. §2255 seeking resentencing with 7 grounds for ineffective assistance of counsel, [see **Smerling v. United States**, case no. 21-CIV-3988 (DLC) at DE 1 (S.D.N.Y. 2023); see also attached Exhibit B].

5). Within 10 days from filing his §2255 motion, this Court "concluded that the motion ... should not be summarily dismissed without merit" and ordered the U.S. Attorney's Office to "file an answer or other pleadings in response to the motion", [see **Id.** at DE 2].

3). The Court ordered Movant to execute and file with this Court -- within 45 days from the order -- an Attorney Client Privilege Waiver, [see **Id.** at DE 3].

4). Movant complied with this Court's order by timely filing the Attorney Client Privilege Waiver, [see **Id.** at DE 6]; the date of filing that waiver is July 5, 2023.

5). This Court's order for "Attorney Client Privilege Waiver" further granted 45 days from receipt of Movant's executed waiver to obtain sworn testimony from counsel and file its opposition and any additional supporting papers with this Court, [see **Id.**DE 3].

6). Respondent's last date to comply with this Court's order was Aug. 19, 2023.

7). To date, Respondent, has not complied with that order, [**Id. DE 3**].

## GROUNDS FOR SUMMARY JUDGMENT

1). Movant's motion under 28 U.S.C. §2255 is a Habeas Proceeding to correct his sentence of imprisonment by 38 months from 97 to 59 months and to correct his sentence of probation by 12 months from 36 months to 24 months, [see **Id.**at p.14].

2). In his §2255 motion, Movant articulated 7 grounds with which he was rendered ineffective assistance of counsel, [see attached exhibit B].

3). This Court "concluded that the motion ... should not be summarily dismissed without merit" and ordered the U.S. Attorney's Office to "file an answer or other pleadings in response to the motion, [see **Id.** at DE 2].

4). Movant filed a timely waiver to his attorney-privilege, [**Id.** at DE 6], which triggered an additional 45 days from Jul. 05, 2023 for Respondent to file its opposition; the deadline to oppose was Aug. 19, 2023.

5). Respondent did not oppose Movant's Habeas proceeding under 28 U.S. §2255 and, thus, conceded by silence to all 7 grounds brought by Movant. **UBS AG Sec. Litig,** no. 07-CIV-11225 RJS, 2012 U.S. Dist. LEXIS 141449, 2012 WL 4471265, at *21 n. 19 (S.D.N.Y. Sept. 28, 2012)(finding the issues not addressed in a responsive brief are conceded "by

silence").

**6).** Movant is serving a longer-than-necessary sentence from ineffective assistance of counsel.

## LEGAL ARGUMENT

This Court "may consider [Movant's] motion for summary judgment in [this Habeas] proceeding."; **Fulton v. Baltazar**, no. 16-CV-6085, 2018 U.S. Dist. LEXIS, 2018 WL 389097, at *4 (S.D.N.Y. Jan. 11, 2018); see also **Whitaker v. Meachum**, 123 F. 3d 714, 715 n.2 (2nd Cir. 1997). However, summary judgment may be granted by "the Movant show[ing] that there is no genuine dispute as to any material fact and the Movant is entitled to judgment as a matter of law". **Fed. R. Civ. P.56(a)**. "To present a genuine issue of material fact sufficient to defeat a motion for summary judgment, the record must contain contradictory evidence such that a reasonable jury could return a verdict for the non-moving party". **Horror v. Miller**, 15 F. 4th 232, 241 (2nd Cir. 2021). Material facts are those facts that "might affect the outcome of the suit under the governing law". **Choi v. Tower Rsch, Cap. LLC**, 2 F. 4th 10, 16 (2nd Cir. 2021). In considering a motion for summary judgment, a court must "construe the facts in light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant". **Kee v. City of N.Y.**, 12 F. 4th 150, 158 (2nd Cir. 2021).

This case is a Habeas proceeding and summary judgment is appropriate from Respondent conceding to Movant's 7 grounds of ineffective assitance of counsel. That concession established there exist no genuine dispute as to any material fact and Movant is entitled to judgment as a matter of law. Moreover, the record does not contain contradictory evidence that a reasonable jury could return a verdict for the non-moving party. In fact, the record supports Movant's grounds in how he was rendered ineffective assistance of counsel from arrest and up to his sentencing hearing. Movant has appeared pro se and "[a] Court is ordinarily obligated to afford special solicitude to pro se litigants, particularly where motions for summary judgment are concerned". **Harris v. Miller**, 818 F. 3d 49, 57 (2nd Cir. 2016). This Court should therefore "liberally" construe" this submission, "reading such submissions to raise the strongest arguments

they suggest". **Id.** at 56.

## CONCLUSION

There exists no contradictory evidence to the 7 grounds presented by Movant in these pleadings. In fact, a liberal construction most favorable to the non-moving party can deem Respondent's silence as a concession that there exist no genuine dispute as to any material fact sufficient to defeat summary judgment.

As a matter of law, Movant is entitled to a summary judgment and, thus, prays this Honorable Court grant his motion and correct his sentence of imprisonment from 97 months to 59 months and correct the probation from 36 months to 24 months.

Respectfully submitted on this 28th day of August, 2023 in accord with **Houston v. Lack,** 487 U.S. 266 (1988).

Elliot Smerling - #31881-509
Federal Prison Camp - Miami
P.O. Box 779800
Miami, FL 33177

## CERTIFICATE OF SERVICE

This motion was delivered in a pre-addressed postage-paid envelope to the prison authorities on the same day as signed. The Assistant U.S. Attorney of record is registered with CM/ECF docketing and, thus, Movant request this filing and service occur through that system's electronic medium.

Elliot Smerling

## VERIFICATION

Under penalty of perjury as authorized in 28 U.S.C. §1746, I declare that the factual allegations and factual statements contained herein are true and correct to the best of my knowledge.

Elliot Smerling

EXHIBIT B

## CONTINUATION SHEET

**Ground One:**

Movant's attorneys rendered ineffective assistance in their failure to understand securities laws, they lacked preparation, failed to investigate, and cumulatively resulted in failing to object -- under Fed. Crim. R.32 -- to information which caused a prejudicial effect to Movant.

Movant has original information relating to several financial institution's violations of securities laws; notably, Silicon Valley Bank and Citizens Bank N.A. are among those banks violating securities laws. Armed with that information, Movant instructed his attorneys to file a whistleblower action against banks with the Securities Exchange Commission on his behalf pursuant to 17 CFR Sec. §240.21 F1-18.

Movant's attorneys' failed to follow Movant's request with which Movant could have secured whistleblower status, avoid prosecution, defer prosecution, secure a better plea deal, or achieve a lower sentence. Instead, counsels' inactions permitted Silicon Valley Bank and Citizens Bank N.A. to play the role of the victim when both banks had unclean hands.

Counsels' ineffective assistance is evident in their failure to object to Silicon Valley Bank's damming letter, [DE 46], with which a longer-than-necessary sentence was bolstered for Movant when that very letter evidences Silicon Valley Bank's unclean hands of violating the Investment Company Act of 1940 and Section 203(1) of the Advisers Act, as amended by the Dodd-Frank Act. Counsels' failure to object to that letter resulted in false or incomplete information to the U.S. Probation and the Court. That failure to object demonstrates counsels' lack of knowledge in securities laws, lack of preparation, and failure to investigate -- find -- facts with which Movant's was exposed to a longer-than-necessary sentence.

Counsel's inactions --- ineffective assistance -- delivered the prejudicial effect in denying Movant the benefits and protections of a whistleblower, avoid prosecution, defer prosecution, a better plea deal, or a lower sentence.

But for counsel's ineffective assistance Movant would otherwise not be serving a longer-than-necessary sentence; notably, U.S. probation recommended a sentence of 72 months incarceration and 24 months probation. Instead, Movant was sentenced to 97 months and three years probation. But for Counsels' failure in filing that whistleblower action as directed by Movant, Silicon Valley Bank's collapse could have been mitigated and, by extension, harm to investors reduced.

Attached Exhibit A, United States Securities and Exchange Commission FORM TCR --- ccomplaint.

## CONTINUATION SHEET

**Ground Two:**

Movant's attorneys rendered ineffective assistance in failing to object to a 2 level gross receipts enhancement as overlapping and, thus, their inaction resulted in a longer-than-necessary sentence to Movant but, also, caused an estoppel effect in denying Movant an opportunity to appeal that enhancement.

Movant's sentencing scheme placed him at a total offense level of 30 --- a guidelines sentencing range of 97-121 months of incarceration. The United States Probation Officer calculated the Offense Level by adding a Base Offense Level of 7, adding 24 levels for the amount of the loss, adding 2 levels for gross receipts greater than $1,000,000, and subtracting 3 levels for acceptance of responsibility, [See PSR at P.9-10]. At sentencing, the Probation Officer recommended 72 months of incarceration with 24 months probation, however, the Court ordered Movant to serve 97 months of incarceration and three years probation.

Movant's attorneys could and should have objected --- under Fed.R.Crim. 32 --- to that 2 level gross receipts enhancement --- U.S.S.G. §2B1.1(b)(17)(A) --- but failed to do so. The enhancement substantially overlapped with the 24 level "Specific Offense Characteristics" enhancement applied under U.S.S.G. §2B1.1(b)(1)(M) which was applied because of the amount of the loss attributed to Movant.

The cumulation of such overlapping enhancements, when imposed on a defendant whose adjusted offense level translates to a high sentence range, presents a circumstance that is present to a degree not adequately considered by the United States Sentencing Commission as described in 18 U.S.C. §3553(b)(1)) and, thus, an objection should have been lodged. Movant's attorneys should have known this, however, their silence on the record demonstrates their lack of preparation or knowledge --- ineffective assistance.

But for Movant's attorneys' ineffective assistance in failing to object to that 2 level gross receipts enhancement, Movant's sentencing Judge did not consider removing that enhancment or accept the Probation Officer's below the guidelines sentence recommendation of 72 months and 24 months probation. Movant's attorney's inactions further caused the prejudicial effect in that their failure to object to that gross receipts enhancement estopped Movant from appealing that enhancement had the objection been lodged but overruled.

## CONTINUATION SHEET

**Ground Three:**

Movant's attorneys rendered ineffective assistance of counsel during Movant's plea negotiations by permitting him to proffer information without the protections of Fed. R. Evid. 410 and, then, caused him to unknowingly and unwillingly execute an indictment by information from proffered information which should have been protected.

During plea negotiations but, under mis-advise from counsel, Movant proffered information to the Government. Ordinarily, statements made by a defendant during plea negotiations, including proffer sessions, are inadmissible at trial. Moreover, any reasonable attorney -- who secured a "queens letter for the day" to protect a client from statements made during proffer sessions --- would have objected to inclusion of proffered material to the record.

In Movant's case-in-chief, his plea negotiations fueled the Government to supersede Movant with more charges, [DE 37]. Then Movant's attorneys caused him to execute an indictment-by-information, [DE 38].

Movant's attorneys failed to protect him during the plea negotiations. Instead, allowing him to proffer information and, then, failing to enforce the protection of the proffer agreement, evidences ineffective assistance of counsel; simply put, Movant's counsel failed their duty to protect Movant from further charges, however, they also failed to inform Movant the pros and cons of proffering information.

Instead, that ineffective assistance resulted in Movant executing an indictment by information unknowingly and unwillingly. That indictment by information is duplicitious to the Grand Jury Indictment, [DE 7], but delivered a prejudicial effect of expanding the scope of Movant's criminal conduct from 2019 to 2013. That superseding indictment permitted the United States Probation Officer to state that "[Movant] voluntarily engaged in fraud over an eight-year period and caused a substantial amount of loss", [PSR at P.22]; notably, Movant's attorneys failed to object to that statement.

Silicon Valley Bank and Citizens Bank N.A. sustained losses, however, there are no losses to any other investors outside of these two financial institutions to which this Court awarded restitution.

Expanding the scope of Movant's criminal conduct permitted the Government to infer that Movant had been causing losses to multiple victims for almost a decade. But for Movant's attorneys' ineffective assistance, Movant would not have been presented to the Court as someone who had not caused losses for almost a decade. But for Movant's attorney's ineffective assistance, Movant could have avoided the superseding indictment by information. Movant's attorney's ineffective assistance caused an estoppel effect in appealing objections to proffered information that was protected under Fed. Crim. Evid. 410.

## CONTINUATION SHEET

**Ground Four:**

Movant's attorneys failed to investigate funds disbursed by JES Global Capital to cover 5 years' of payrolls and loan interest expense. In the alternative, the attorneys failed to hire an independent CPA to perform an audit on behalf of Movant to rebut the Receiver's accounting.

This took place even though Movant had proffered information in regards to the whereabouts of funds alleged to be missing. That failure to investigate permitted both the Receiver and then the United States Probation Officer to make on-the-record allegations of a $25-$30 million in missing funds. That failure to investigate or hire a CPA to perform an audit on behalf of the defense, allowed the Government to paint Movant as "not credible", [See PSR at P.22; See also DE 45 & 46].

Notably, Movant's attorneys' ineffective assitance in failing to investigate foreclosed Movant's right to object to being categorized as "not credible" but, also, being categorized as "not credible" provided substangive value for this court to order Movant to deny United State's Probation's below guidelines 72 month sentencing recommendation and sentence Movant to a longer-than-necessary 97 month sentence.

## CONTINUATION SHEET

**Ground Five:**

Movant's attorneys' failed to move the Southern District of New York District Court for a bond-hearing. Instead, that failure gave the Government a tactical advantage in that Movant was left to the demise of the ineffective assistance of these attorneys. More egregious, however, is that the failure to seek bail resulted in Movant contracting COVID-19 while incarcerated when these attorney's knew that the Bureau of Prisons was not equipped to handle that unprecedented worldwide catastrophe. In essence, Movant's attorneys failure exposed Movant to contracting COVID-19, left him in a higher-than-necessary custody detention center for over 15 months, denied him access to the law library due from the Bureau of Prison's COVID-19 materially altered operations, and also restricted Movant from efficient communication with his attorneys.

All of this took place duing critical stages of this case but while Movant's attorneys ignored Movant's request to move for a bond hearing and seek bail. No reasonable attorney would have ignored that request. Moreover, no reasonable attorney would have left their client in a higher-than-necessary custody detention center, longer-than-necessary for 15 months, while an unprecedented worldwide catastrophe was taking place.

But for Movant's attorney's failure to seek bail, Movant would otherwise have had the opportunity to protect himself from contracting COVID-19, Movant would have been able to manage this case under better conditions with access to documents, or at least he could have been able to manage his legal team more efficiently.

## CONTINUATION SHEET
Ground Six:

Movant spent 15 months in pre-trial detention under higher-than-necessary custody detention center but under Bureau of Prison's COVID-19 materially altered operations. That equates to a harsher-than-necessary sentence.

During those 15 months Movant participated in programming and productive activities in an effort towards rehabilitation. Movant requested from his attorneys to have the Court consider pre-trial detention rehabilitative efforts as a means for a downward departure.

More specific, Movant requested his attorneys to present argument for a downward departure of at-least 6 months due being held 15 months in pre-trial detention without the benefits of earning First Step Act credits. Movant's attorneys ignored that request.

## CONTINUATION SHEET

**Ground Seven:**

Movant's attorneys never delivered a physical copy of Movant's Presentencing Report ("PSR"). That failure resulted in an estoppel effect effectively denying Movant the opportunity to lodge objections to the content in that PSR.

It further denied Movant the opportunity to seek counsel file formal objections to substantive content under Fed. R. Cim. P. 32 and a pre-sentencing memorandum.

No reasonable attorney would have denied a copy of the PSR for their client to review.

**OPINION AND ORDER**