United States District Court

Southern District of New York

**Elliot Smerling,**

   Petitioner

vs.                                                            Case No: 21 CR 317 (DLC)

**United States of America,**

   Respondent

## Motion For Reduction of Sentence

## As Per Amendment 821

The Petitioner Elliot Smerling, Pro se, files this motion to reduce his sentence as now authorized under Amendment 821, which was passed by the United States Sentencing Commission on August 24, 2023. Since this amendment is retroactive, it applies to the Petitioner since the case of his sentence was his first offense.

### Procedural History

The Petitioner pled guilty and was sentenced under 18 U.S.C. § 1344, Bank Fraud, and 15 U.S.C. § 78j(b) & 78ff; 17 CFR 240.10b-5, on June 1, 2022. He was sentenced under level and received a sentence of ninety-seven (97) months and three (3) years of supervised release.

### Procedural History of Amendment 821

The Sentencing Commission gave notice if final action regarding retroactive application of Parts A and B, subpart 1 of Amendment 821 on September 1, 2023. The effective date of this amendment is November 1, 2023. However, as a result of the special instruction, any order reducing a defendant's term of imprisonment based on retroactive application of Part A or Part B, Subpart 1 of Amendment 821 cannot take effect until February 1, 2024 or later.

Section 3582 (c) of title 18, United States Code, provides that "in case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to 28 U.S.C. 994(u).

"If the commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." The Commission lists in §1B1.10 (Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement) the specific amendments that the court may apply retroactively under 18 U.S.C. 3582 (c)(2).

As specified in subsection (d), the parts of Amendment 821 that are covered by this policy statement are Parts A and B, Subpart I only, subject to the special instruction as subsection (e)(2). Part A amended §4A1.1(Criminal History Category) to limit the overall criminal history impact of "status points" (i.e., the additional criminal history points given to defendants for the fact of having committed the instant offense while under the criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status).

Part B, Subpart 1 created a new Chapter Four guideline at §4C1.1(Adjustment for Certain Zero-Point Offenders) to provide a decrease of two levels from the offense level determined under Chapters Two and Three for defendants who did not receive any criminal history points under Chapter Four, Part A and whose instant offense did not involve specified aggravating factors.

In making this determination, the Commission considered the following factors, among others: (1) the purpose of the amendment; (2) the magnitude of the change in the guideline range made by the amendment; (3) the difficulty of applying the amendment retroactively. See §1B1.10, comment on background.

Applying those standards to Amendment 821, the Commission determined that among other factors:

(1) The purpose of these targeted amendments is to balance the Commission's mission of implementing data-driven sentencing policies with its duty to craft penalties that reflect the statutory purposes of sentencing and to reflect "advancement in knowledge of human behavior as it relates to the criminal justice process. "See 28 U.S.C. 991(b).
In relation to Part A, the Commission determined that accounting for status on a more limited basis continues to serve the broader purposes of sentencing while also addressing other concerns raised regarding the impact of status points.
In implementing Part B, the Commission sought, in part, to fulfil one of its core congressional directives to ensure that "the guidelines reflect general appropriateness of imposing a sentence other than imprisonment in cases in which the defendant is a first- time offender who has not been convicted of a crime of violence or an otherwise serious offender. "See 28 U.S.C. (j).
The Commission further to determined that the changes made by Part B, Subpart 1 reflect its statutory mission to provide for penalties that are "sufficient, but not greater than necessary" by recognizing that individuals with zero criminal history points have considerably lower recidivism rates than other sentenced individuals, as well as the fact that courts generally depart and vary more often in cases involving individuals with zero criminal history points as compared with other individuals.

(2) The commission determined that the changes in Parts A and B, Subpart 1 of Amendment 821 would meaningfully impact the sentence of many currently incarcerated individuals.

(3) The commission determined that applying Part A of Amendment 821 retroactively, requiring the recalculation of criminal history points and making the determination as to whether the individual would fall within a lower criminal points history category, presents minimal difficulty.

The Amendment, in part, provides that Part B, Subpart 1, of Amendment 821 creates a new Chapter Four guidelines at § 4C1.1; providing a decrease of two levels from the Offense level determined under Chapters Two and Three of the

3

Federal Sentencing Guidelines for defendants like Michael who have zero criminal history points.

To receive such a reduction, a defendant must meet all the following criteria.

(1). The defendant did not receive any criminal history points for Chapter Four, Part A; Elliot did not receive any criminal history points;

(2) The defendant did not receive an adjustment under §3A1.4 (Terrorism); Elliot did not;

(3) The defendant did not use violence or credible threats of violence in connection with the offense; Elliot did not;

(4) The offense did not result in death or serious bodily injury; Elliot did not;

(5) The instant offense of conviction is not a sex crime; Elliot was not;

(6) The defendant did not personally cause financial hardship; Elliot did not,

(7) The defendant did not possess, receive, purchase, transport, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; Elliot did not;

(8) The instant offense of conviction is not covered by §2H1.1 (Offenses involving individual rights); Elliot did not;

(9) The defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); Elliot did not;

(10) Under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; Elliot did not.

Based upon the above, Elliot is eligible for the adjustment as provided by Amendment 821. Since a financial crime, the only criteria to be examined is number 6, Elliot did not personally cause financial hardship.

In determining if "substantial financial hardship" to a victim, the Court under Amendment 792, shall consider, among other factors, whether the offense resulted in the victim-

(1) Becoming insolvent; that did not occur in this case;

(2) Filing for bankruptcy under the Bankruptcy Code (Title 11, United States Code); that did not occur in this case;
(3) Suffering substantial loss of retirement, education, or other saving investment" that did not occur in this case;
(4) Making substantial changes to his or her employment, such as postponing his or her retirement plans; that did not occur in this case;
(5) Making substantial changes to his or her living arrangements, such as relocating to a less expensive home; that did not occur in this case; And
(6) Suffering substantial harm to his or ability to obtain credit. That did not occur in this case.

That did not occur in this case because the victims in this case were all Financial Institutions which are in fact still thriving in their businesses. See lists of victims as **Exhibit A.**

## Reason why Petitioner is Eligible

In accordance with the Application Notes of the Amendment (Section B(iii)), the Honorable Court may take into account the Petitioner's Post Sentencing Conduct. To that end, I can evidence that I have done the following:

(1) Completed two (2) year Paralegal Course with Blackstone;
(2) Completed the following courses from Aleph Institute- "Sparks of life program." See **Exhibit B**;
(3) Completed course in Money Smart- Intermediate Level;
(4) Currently only facilitator in Money Smart at FCI Miami-Camp;
(5) Completed "Camp Nutrition Wellness Class."
(6) Completed "Camp Music Class."
(7) Completed "Brain Health Age: You Make a Difference."
(8) Completed "FSA Health and Wellness Through Lifespan."
(9) Recidivism Risk Assessment 1", which is minimal.

Elliot also maintains a job and is actively involved in religious services and attends weekly Shabbat Services as well as all the Jewish Holidays.

Elliot is a family man and his wife and children are an integral part of his life. His family misses his guidance and financial support and the need for him to be again the head of the family unit.

5

Elliot recognizes and acknowledge that the Amendment states "The court shall not order a reduced term of imprisonment based on Part A or Part B, subpart of Amendment 821 unless the effective date of the court's order is February 1, 2024, or later." This provision empowers courts to grant a reduction and recalculation prior to February 1, 2024, so long as it does not go into effect prior to such date.

The Amendment specifically notes in referencing Section 1B1.10(a) 3, that the two-level reduction does not constitute a "resentencing" by noting "Consistent with subsection (b), proceedings under 18 U.S.C.§ 3582(c)(2) and this policy statement do not constitute a full sentencing for the defendant." For that reason, Michael requests a recalculation of my sentence and not a resentencing.

Based upon the above discussion in fact and law, I humbly request that this Honorable Court to reduce my sentencing calculation by two-levels from Federal Sentencing Guideline Level twenty-eight (28) to level twenty-six (26) and recalculate his sentence accordingly, to be effective from and after February 1, 2024.

## Conclusion

**WHEREFORE,** the Court within its discretion grant this motion, order a two-level reduction of my sentence calculation under the Federal Sentencing Guidelines, and recalculate my sentencing reflecting the aforementioned two-level reduction, to be effective as of February 1, 2024.


Respectively submitted,

*[signature]* 11/15/23
Elliot Smerling #31881-509

6

**Certificate of Service**

I hereby certify that a true copy was my motion was sent to the following parties by United States Mail Service on November 15, 2023.

Damian Williams

United States Attorney for the

Southern District of New York

1 Saint Andrews Plaza

New York, New York 10007

Respectively submitted,

*[signature]*

Elliot Smerling

#31881-509

# Exhibit A

C1

CONTINUATION SHEET

1). Silicon Valley Bank
    3003 Tasman Drive
    Santa Clara CA 95054

2). Citizens Bank NA
    One Citizens Plaza
    Providence RI 02903

3). PacWest Bancorp
    9701 Wilshire Blvd., Suite 700
    Beverly Hills CA 90212

4). Western Alliance Bank
    1 East Washington Street
    Phoenix AZ 85004

5). Signature Bank
    565 5th Avenue
    NY NY 10017

6). Square One Bank
    406 Blackwell Street, Suite 240
    Durham NC 27701

7). East-West Bank
    135 N. Los Robles Avenue, 7th Floor
    Pasadena CA 91101

8). Sumitomo Mitsui Bank
    277 Park Avenue
    NY NY 10172

9). UBS
    1285 Avenue of the Americas
    NY NY 10019

10). First Republic Bank
     101 Pine Street
     San Francisco CA 94111

Exhibit A-3

**Exhibit B**

B"H

## THE ALEPH INSTITUTE
JOSEPH AND STERNA GUTNICK NATIONAL HEADQUARTERS
9540 Collins Avenue • Miami, Florida 33154-7127
(305) 864-5553 • Fax: (305) 864-5675 • www.aleph-institute.org



Rabbi Yossi Cohen
Director of Educational Programs

**Chairman / Founder**
Rabbi Sholom D. Lipskar

**President**
Lloyd S. Rubin

**Executive Director**
Rabbi Aaron Lipskar

**Director of Outreach Programs**
Rabbi Menachem M. Katz

**Director of Operations**
Moshe N. Barouk

**Director of Military Programs**
Rabbi Sanford L. Dresin

**Director of Advocacy**
Rabbi Zvi Boyarsky

**Director of Family Programs**
Rabbi Shua Brook

**Director of Religious Education**
Rabbi Yossi Cohen

**Programs Coordinator**
Moshe Blizinsky

* * *

**Spark of Light Prison Program**

**Operation: Enduring Traditions**

**F.E.E.L.S Family Programs**

July 3, 2023

ELLIOT S SMERLING # 31881509
MIAMI FPC
P. O. BOX 779800
MIAMI, FL 33177

Dear Elliot S,

CONGRATULATIONS!!!

I am sending this letter to wish you Mazal Tov upon completing the **Aleph Institute's Sparks of Light Program** Course. I know that this achievement required dedication and effort, and it is clear that you have put in the hard work to make this accomplishment happen.

May the Torah lessons you have learned bring you much light, strength, true joy and connection to G-d. As King David stated, "You should go from strength to strength." This achievement should be a stepping stone for further accomplishments and successes in your Jewish studies and practices.

Wishing you all the best in your future studies,

Rabbi Yossi Cohen
Director of Religious Education

P.S. We also offer these other two great programs. Please have a look at the details below. I would be more than happy to sign you up for them. Just let me know.

**Aleph Visitation Circle**
When we expand our circle of compassion, we find it is infinite. The Aleph Visitation Circle is here to bring the life-saving power of connection to those who need it most. When you join the AVC, you will receive visits (in addition to your allotted visiting hours) from someone who understands the impact that seeing a friendly face and hearing a comforting word can make. Where there is a connection, there is hope. (Subject to availability)

**Torah on The Phone**
Learning is a continuous journey. Through Torah on the Phone, The Aleph Institute will pair you with a study partner you can call once a week at no cost to share the insights, motivation, and growth from grappling with ideas more significant than yourself. Call to broaden your understanding and see where the path unwinds.

RELIGIOUS MATERIALS • ETHICAL EDUCATION • RABBINICAL VISITATIONS
FAMILY SERVICES • RELIGIOUS FREEDOM ADVOCACY • PROGRAMS FOR PRISONS & THE MILITARY

# Certificate of Completion

By the Order of 65-39

Proudly presented to

## Eliot S Smerling

For having successfully completed the

Aleph Institute's *Sparks of Light Program*

*Correspondence Course*

900 FSA Credit Hours Awarded on July 3, 2023

The Aleph Institute 

Rabbi Aaron Lipskar
Executive Director

Rabbi Yossi Cohen
Director of Religious Education

Rabbi Menachem M. Katz
Director of Prison Programs

# 31881-509
Miami Federal Prison Camp
P.O. Box 779800
Miami, FL 33177

RECEIVED
NOV 28 2023
PRO SE OFFICE

United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312







PRIORITY MAIL EXPRESS®

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

Retail
U.S. POSTAGE PAID
PME 1-Day
PEMBROKE PINES, FL 33027
NOV 22, 2023
$28.75
R2303S103195-13
RDC 07

PRESS FIRMLY TO SEAL

FROM:
ELLIOT SMERLING
#31881-509
Miami Federal Prison Camp
P.O. BOX 779800
Miami, FL 33177

TO:
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
ATT: CLERK OF COURT
DANIEL PATRICK MOYNIHAN COURTHOUSE
500 PEARL STREET PRO SE ROOM 230
NY, NY 10007-1312

Postage: $28.75
Date Accepted: 11-22-23
Time Accepted: 4:31 PM
Scheduled Delivery Date: 11-24-23
Scheduled Delivery Time: 3:00 PM
PO ZIP Code: 33027

LABEL 11-B, MARCH 2019
PSN 7690-02-000-9996

EP13F July 2022
OD: 12 1/2 x 9 1/2

USPS.COM/PICKUP
PS10001000006