UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X
                                        :
UNITED STATES OF AMERICA,               :
                         Plaintiff,     :
                                        :      21cr317 (DLC)
              -v-                       :      23cv3988 (DLC)
                                        :
ELLIOT SMERLING,                        :      OPINION AND
                         Defendant.     :         ORDER
                                        :
                                        :
--------------------------------------- X

DENISE COTE, District Judge:

On November 28, 2023, defendant Elliot Smerling moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 821 to the Sentencing Guidelines. That motion is denied.

## BACKGROUND

Smerling was indicted on May 12, 2021, in a three-count indictment. For approximately eight years, beginning in 2013, Smerling had engaged in a complex scheme of fraud. He created private equity funds and raised capital from financial institutions and individual investors through fraud. The documents he created to do so contained materially false statements about the funds' assets and other facts critical to investors. In 2018, Smerling secured a $60 million capital credit line from Citizens Bank through false statements about one of his funds. In 2020, Smerling secured a credit line of

$150 million from Silicon Valley Bank through a series of false statements about another fund.

On February 8, 2022, Smerling pleaded guilty by information to bank fraud under 18 U.S.C. § 1344 and securities fraud under 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10-b, pursuant to a plea agreement with the Government. In the plea agreement, the parties agreed that Smerling's Sentencing Guidelines range was 97 to 121 months' imprisonment. He agreed to waive his right to appeal or challenge a sentence of imprisonment so long as it did not exceed 121 months.

Smerling was sentenced on May 13, 2023 principally to a term of 97 months' imprisonment. The Court determined that his Sentencing Guidelines range was 97 to 121 months' imprisonment, based on an offense level of 33 and criminal history category of I. The Probation Department recommended a sentence of 72 months' imprisonment; the defendant sought a sentence of 33 months' imprisonment; and the Government requested a sentence at the low end of the Guidelines range. The Government argued that the defendant's offense was staggering. Defense counsel argued that the defendant's health and his efforts to cooperate warranted a variance.

Smerling filed a notice of appeal, but then moved to voluntarily dismiss it. On May 12, 2023, Smerling filed a pro

se habeas petition.  It was denied on January 11, 2024.  United
States v. Smerling, 23-cr-317 (DLC), 23-cv-3988 (DLC), 2024 WL
125480 (S.D.N.Y. Jan. 11, 2024).

On November 28, 2023, while the habeas petition was
pending, the defendant, again appearing pro se, moved for a
reduction of sentence pursuant to Amendment 821 to the
Sentencing Guidelines.  The defendant submitted corrections to
his request on November 30 and December 7 and submitted
additional documents for consideration on December 28.

On December 1, the Probation Department determined that the
defendant appeared to be eligible for an adjustment of his
Sentencing Guidelines range based on Amendment 821.  The
Probation Department calculates the defendant's amended
Guidelines range as 78 to 97 months' imprisonment based on an
offense level of 28 and a criminal history category of I.  The
defendant agrees with this calculation.  The defendant is
scheduled to be released from custody on June 21, 2027.

## DISCUSSION

A judgment of conviction is ordinarily final.  Pursuant to
18 U.S.C. § 3582(c)(2), however, a federal court may reduce a
defendant's sentence if the defendant was originally sentenced
to a term of imprisonment based on a sentencing range that has
subsequently been lowered by the Sentencing Commission when that

modification is made retroactive.  United States v. Martin, 974
F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant
to § 3582(c)(2), the district court must first "determine the
amended guideline range that would have been applicable to the
defendant if [the amendment] had been in effect at the time the
defendant was sentenced."  United States v. Zapatero, 961 F.3d
123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see
also Dillon v. United States, 560 U.S. 817, 827 (2010).  If the
defendant is eligible for a sentence reduction, "a court may
reduce the term of imprisonment after considering the factors
set forth in section 3553(a) and if such a reduction is
consistent with applicable policy statements issued by the
Sentencing Commission," which are contained in U.S.S.G. §
1B1.10.  Martin, 974 F.3d at 136 (citation omitted).

Even when a defendant is eligible for a reduction, "a
sentencing court has discretion to deny a motion to reduce a
sentence pursuant to § 3582(c)(2)."  United States v. Brooks,
891 F.3d 432, 436 (addressing a denial to reduce a sentence
pursuant to Amendment 782.)  In deciding whether to reduce a
sentence, a court should consider "how it would have sentenced"
the defendant if the newly-calculated Guidelines range had been
in effect at the time of the original sentence.  Id. at 437.  If

the court would have imposed a lower sentence, the court should ask "why it is appropriate to keep in place" a higher sentence. Id.

Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range" except in specific circumstances not relevant here. United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021). A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding. Dillon, 560 U.S. at 827.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively. See U.S.S.G. § 1B1.10(d). Among other changes, Amendment 821 modified the calculation of offense levels of those defendants who received zero points in the calculation of the criminal history score under U.S.S.G. § 4C1.1. It provided a decrease of two levels in the offense level of defendants who did not receive any criminal history points and whose instant offense did not involve specified aggravating factors. Those aggravating factors include that the defendant did not personally cause substantial financial hardship. U.S.S.G. § 4C1.1(a)(6). Amendment 821 was informed by studies of recidivism which showed that offenders with zero criminal history points "have considerably lower

recidivism rates" than other offenders, including those with one criminal history point.  The Sentencing Commission determined that the "departure and variance rates for zero-point offenders, coupled with its recidivism data" warranted the Amendment. U.S.S.G. App. C, Amendment 821, Reason for Amendment.

The applicable policy statement in the Sentencing Guidelines states that a defendant is eligible for a sentence reduction based on a subsequently lowered sentencing range so long as the amendment is retroactive, see U.S.S.G. § 1B1.10(a)(2)(A), and actually lowers the defendant's Guidelines range.  Id. § 1B1.10(a)(2)(B).  It requires a court to consider the factors set forth in 18 U.S.C. § 3553(a) as well as the "nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment" in determining whether to reduce the sentence and the extent of the reduction.  Id. § 1B1.10, Application Note 1(B)(i)-(ii).  A court may also consider a defendant's post-sentencing conduct.  Id. § 1B1.10, Application Note 1(B)(iii).

It is assumed that Smerling is eligible for a sentence reduction,[1] and that his new Guidelines range is correctly

---

[1]   It is assumed for purposes of this decision that Smerling remains eligible for a sentencing reduction despite that fact that a disqualifying aggravating factor may be present, to wit, that he personally caused substantial financial hardship.

calculated as 78 to 97 months.  The sentence he received -- 97
months' imprisonment -- was at the bottom of his then-Sentencing
Guidelines range of 97 to 121 months' imprisonment.  If the
newly-calculated Guidelines range had been in effect at the time
of the original sentence, the Court would have sentenced
Smerling to the top of the range, that is, to a sentence of 97
months' imprisonment.  As a result, this application for a
reduced sentence is denied.

     Smerling's crime was brazen, long-lasting and significant.
He originated the scheme and managed it for roughly eight years.
He formed several private equity funds to defraud investors.
Virtually all of the materials he provided to investors in and
lenders to those funds was fraudulent.  He also forged
signatures of purported investors and created fake documents to
apply for bank loans.  His scheme was complex in its design and
execution.  He had at least 113 cash and investment accounts in
more than twelve financial institutions located in five
jurisdictions, including in Switzerland.  He ultimately
victimized two financial institutions with the purpose of
amassing enough money to live the lifestyle of the wealthy.  He
had no other motive, as he admitted at his sentencing.

---

U.S.S.G. § 4C1.1(a)(6).  If the Court were inclined to reduce
Smerling's sentence, it would give the parties an opportunity to
be heard regarding this issue, and if necessary, hold a hearing.

Forfeiture was ordered in the amount of almost $134 million and restitution in the amount of over $136 million. Recovery of those amounts will be extremely difficult. As of the time of the sentence, the receiver had recovered about $16.4 million. Because the defendant's company computers were spirited away before they could be seized, the receiver had to recreate the books and records of the company with third-party documents. After that effort, the receiver remains unable to account for $25 to $30 million.

Principles of general deterrence and appropriate punishment strongly support the 97-month sentence. Principles of individual deterrence do as well. Indeed, in his habeas petition Smerling complains that his attorneys were ineffective for advising him to offer his cooperation to the Government. The remaining § 3553(a) factors do not suggest leniency.

### Conclusion

Smerling's November 28, 2023 motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10 is denied.

Dated:     New York, New York
           March 21, 2024

                                   DENISE COTE
                            United States District Judge